IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                                  CAUSE NO.: 3:08CR28-LRA

JANIS CAVETT

**ORDER**

This cause came before the Court on the Motion for Expungement filed by Janis Cavett, Defendant.  She requests that the Court expunge her misdemeanor conviction for the unauthorized use of food stamps.  This was Ms. Cavett's first offense, other than traffic citations; she successfully completed the term and obligations under her sentence; and, she has not been subsequently charged with other criminal offenses.  Cavett contends that she wishes to make herself more marketable in securing employment; she has located an employer who has indicated a willingness to hire her if her conviction is expunged.

The Government objects to the expungement, contending that this Court lacks subject matter jurisdiction.  Citing *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998), the Government contends that this Court has no statutory or constitutional power to adjudicate this case, so no subject matter jurisdiction exists.  Both parties cite the case of *Sealed Appellant v. Sealed Appellee*, 130 F.3d 605, 702 (5th Cir. 1997), which involved the request for expungement of the records of a particular defendant's *overturned* convictions.  The district court ordered the expungement, but the Fifth Circuit reversed the holding.  In doing so, the Fifth Circuit

held that expungement is "exceedingly narrow" and is granted only in exceptional circumstances. *Id.*, citing *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). The *Sealed Appellant* case involved convictions which were actually overturned, not where the conviction was uncontroverted, as in this case.

Congress has not expressly granted to the federal courts a general power to expunge criminal records. *United States v. Crowell*, 374 F. 3d 790, 793 (9th Cir. 2004). Whereas the Fifth Circuit in *Sealed Appellant* has recognized a right to equitable expungement in exceptional cases, it has also held that the district court lacks the authority to expunge a criminal record "in which the validity of the original conviction is unquestioned." *United States v. Scott,* 793 F.2d 117, 118 (5th Cir. 1986).

The movant cites Miss. Code Ann. §99-19-71(1), the state law allowing expungement, in requesting this Court to exercise its ancillary jurisdiction. However, this law applies to state convictions and is not applicable herein. As the Government points out, this Court's ancillary jurisdiction is narrow. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

Ms. Cavett's conviction is valid, and she does not contest that fact. The undersigned is not unsympathetic to her circumstances, or to her admirable attempts to secure employment. Yet, the law does not provide the Court with jurisdiction to expunge a criminal record on purely equitable grounds when the conviction is valid.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Movant's Motion for Expungement is **denied.**

SO ORDERED, this the 21st day of September 2015.

        /s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE